ORDERED.

Dated:  November 13, 2015

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                           Case No. 3:12-bk-615-JAF

ALFRED DANIEL FORD, SR.,

    Debtor.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Motion to Modify Confirmed Plan filed by Debtor (the "Motion to Modify") (Doc. 127).  The Chapter 13 Trustee (the "Trustee") filed an Objection to the Motion to Modify.  The Court conducted an evidentiary hearing on the matter on October 14, 2015 and elected to take the matter under advisement.  Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

#### Findings of Fact

On February 3, 2012, Debtor filed a Chapter 13 bankruptcy petition.  At that time, Debtor was employed as a pilot by United Airlines.  Along with his bankruptcy petition, Debtor filed a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable

1

Income ("Debtor's Form 22C"). Debtor's Form 22C reflected monthly income of $15,610.00 comprised of: 1) $9,900.00 in wages; 2) $650.00 in rent and other real property income; 3) $50.00 in interest, dividends and royalties; and 4) $5,010.00 in retirement income. Debtor's Form 22C reflected monthly disposable income of $5,125.49.

Despite the fact that Debtor had monthly disposable income of $5,125.49, he proposed a plan which provided for no payments to unsecured creditors in months 1-2 of the Plan, provided for payments of only $1,312.00 to unsecured creditors in months 3-23 of the Plan, and provided for payments of only $2,408.00 to unsecured creditors in months 24-60 of the Plan. Because Debtor's Plan provided to pay unsecured claims in full, the Trustee did not object to the Plan, notwithstanding the fact that it did not require Debtor to pay all of his disposable income into the Plan. On January 27, 2014, the Court entered Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution (the "Confirmation Order"), which mirrored the payments proposed in Debtor's Plan.

In February of 2015, Debtor became disabled as a result of a torn meniscus. Additionally, in July of 2015, Debtor had neck fusion surgery to repair a herniated disk. Because of these injuries, Debtor can no longer qualify as a pilot and is unable to maintain employment with United Airlines. As a result, Debtor no longer earns wages and, in lieu thereof, receives $2,900.00 monthly in disability income.

On April 30, 2015, Debtor filed an Amended Form 22C ("Debtor's Amended Form 22C"). Debtor's Amended Form 22C reflects monthly income of $9,320.00 comprised of $5,370.00 in retirement income and $3,950.00 in long term disability. According to Debtor's Amended Form 22C, Debtor has a negative monthly disposable income of $266.86. In other words, Debtor has no ability to pay anything to unsecured creditors. On April 23, 2015, Debtor

filed a Modified Confirmed Chapter 13 plan by which he proposes to pay $1,466.04 per month for months 38 through 60 of the plan. The modified plan provides for no payments to unsecured creditors.

### Conclusions of Law

Section 1329(b)(1) of the Bankruptcy Code permits the debtor, any time after confirmation of a plan but before the completion of payments under the plan, to seek a decrease in the amount of payments on claims of a particular class provided for by the plan. 11 U.S.C. § 1329(b)(1). A debtor seeking to modify his plan to decrease his plan payments must show a substantial, unanticipated change in circumstances. See In re Savilonis, Case No. 3:12-bk-5762-JAF, 2014 WL 3361986 at *2 (Bankr. M.D. Fla. July 9, 2014). While bankruptcy courts vary widely over what constitutes a substantial, unanticipated change, courts consider a change in the debtor's income or expenses and the debtor's medical condition in contemplating changed circumstances. In re Savilonis, 2014 WL 3361986 at *3.

The Trustee does not dispute that Debtor's medical conditions have resulted in a decrease in his income or that he has a negative monthly disposable income. The Trustee does not assert that this change in Debtor's circumstances is either insubstantial or anticipated. Additionally, the Trustee admits that he did not object to Debtor not paying all of his disposable income into the Plan because the Plan proposed to pay 100% of the unsecured claims in the case. However, the Trustee points out that if Debtor had paid all of his disposable income into the Plan as required by §§ 707 and 1325 of the Bankruptcy Code, the unsecured claims would have been paid off in month 23 of the Plan. The Trustee asserts that because Debtor should have made larger payments when he could have afforded to do so, he should not now be allowed to reduce the

distribution to unsecured creditors. The Trustee contends that Debtor should be required to pay 100% of the unsecured claims in the case.

"[A]ll participants in the bankruptcy case are barred by the doctrine of res judicata from asserting matters they could have raised in the bankruptcy proceedings before confirmation." In re Savilonis, 2014 WL 3361986 at *3 (citing In re Euler, 251 B.R. 740 (Bankr. M.D. Fla. 2000)). The Court conducts approximately 35-45 confirmation hearings every week. The Court does not conduct an independent review of every Chapter 13 case to ensure that each debtor's plan complies with the requirements of the Bankruptcy Code. Instead, the Court relies on the Trustee or an interested party to object to confirmation if a plan does not comply with the Code's mandates. While it is true that §§ 707 and 1325 of the Bankruptcy Code require a debtor to pay all of his disposable income into his plan, neither the Trustee nor any other interested party objected to confirmation of Debtor's Plan on the basis that it did not provide for payment of all of Debtor's disposable income into the Plan. The Trustee is barred from now raising this issue as a defense to Debtor's attempt to modify his Plan. The Court finds that Debtor has met his burden of showing a substantial and unanticipated change in circumstances and that based upon his income and expenses, he can no longer make plan payments which provide for payment to the unsecured creditors. Accordingly, the Court will grant Debtor's Motion to Modify. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.